## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

SHANDONG LUXI
PHARMACEUTICAL CO., LTD.,

       Plaintiff,

v.                                Case No: 8:21-cv-942-CEH-AEP

CAMPHOR TECHNOLOGIES, INC.,

       Defendant.

_____/

## O R D E R

This matter comes before the Court on the Defendant's Motion to Seal Plaintiff's Verified Complaint and Exhibits (Doc. 1), or in the alternative, Redact Certain Portions of and Certain Exhibits to Plaintiff's Verified Complaint (Doc. 19). In the motion, Defendant states that the Verified Complaint contains confidential and trade secret information and should be sealed or, at a minimum, redacted. Plaintiff filed a response in partial opposition to Defendant's motion to seal. The Court, having considered the motion and being fully advised in the premises, will grant, in part, Defendant's motion to seal.

## DISCUSSION

In relevant part, the Middle District of Florida Local Rules state, "[b]ecause constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a).

Defendant moves to seal the Plaintiff's Complaint and exhibits thereto. In support, Defendant argues the documents contain confidential and trade secret information that is not readily ascertainable by any other parties due to the security measures taken by both parties to maintain secrecy. However, the rules of this Court specifically provide that "[s]ealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation." M.D. Fla. Local Rule 1.11(a).

Defendant submits that redaction would render the document incomprehensible given the amount of confidential information and detail that permeates the filing. "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id*. (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246.

Defendant's request to seal the entire Complaint and exhibits thereto is overly broad, unnecessary, and inconsistent with the law and the rules of this Court. As noted in Plaintiff's response, the majority of the material would not be considered a trade secret. Allegations in a complaint are not trade secrets or confidential. Defendant fails to demonstrate a compelling justification for sealing Plaintiff's Complaint. Additionally, certain information Defendant seeks to seal here, such as terms and quantities contained in purchase orders as well as pricing and details of the parties' business relationship, has been disclosed by Defendant in affidavits filed in support of other matters. *See* Doc. 18-2; Doc. 25-1 at 14–34.

Defendant fails to demonstrate good cause for sealing all the information it requests sealed where much of the same information is contained in the Creaturo affidavit that is not sealed. And, significantly, Defendant fails to show how redaction would not be a satisfactory means of protecting the confidential and trade secret information. In its response, Plaintiff acknowledges that certain pricing and product information is confidential, at least at this juncture of the proceedings.

Upon consideration, the Court will grant in part Defendant's motion and direct the filing of a redacted version of the parties' exclusive agency and supply agreement, which Plaintiff attaches to its response. Accordingly, it is

**ORDERED**:

1.    Defendant's Motion to Seal Plaintiff's Verified Complaint and Exhibits (Doc. 1), or in the alternative, Redact Certain Portions of and Certain Exhibits to

Plaintiff's Verified Complaint (Doc. 19) is **GRANTED in part** to the extent that the Court will permit the sealing of Doc. 1-2, and direct that a redacted version of the document be filed. In all other respects, the motion is **DENIED**.

2.     The Clerk is directed to seal Doc. 1-2, the "Exclusive Agency and Supply Agreement" that is Exhibit "A" to Plaintiff's Verified Complaint. Such document shall remain under seal for one year after which time any party may file a motion to renew sealing of the document.

3.     Plaintiff is directed to file within 10 days a Notice of Filing that includes as an attachment the redacted version of the "Exclusive Agency and Supply Agreement."

**DONE AND ORDERED** in Tampa, Florida on December 23, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4