UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANDONG LUXI
PHARMACEUTICAL CO., LTD.,

    Plaintiff,

v.                                                     Case No: 8:21-cv-942-CEH-AEP

CAMPHOR TECHNOLOGIES, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff/Counterclaim Defendant Shandong Luxi Pharmaceutical Co., Ltd.'s ("Luxi") Amended Motion to Dismiss Amended Counterclaims (Doc. 70). In the motion, Luxi requests the Court dismiss Defendant/Counterclaim Plaintiff Camphor Technologies, Inc.'s ("Camphor") Amended Counterclaims. Camphor responds in opposition. Doc. 72. The Court, having considered the motion and being fully advised in the premises, will grant, in part, Luxi's Motion to Dismiss Amended Counterclaims.

**I.    BACKGROUND**[1]

---

[1] The following statement of facts is derived from the Amended Counterclaim (Doc. 66 at 12–21), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Defendant Camphor is a Florida corporation with its principal place of business in Sarasota, Florida. Doc. 66 at 12, ¶ 1.[2] Luxi is a foreign corporation organized under the laws of the People's Republic of China with its principal place of business in Shandong, China. *Id.* at 12, ¶ 2. Luxi initiated this action against Camphor, thereby subjecting itself to the jurisdiction of this Court. *Id.* at 12–13, ¶ 4; *see also* Doc. 1. In its Amended Complaint, Luxi asserted claims against Camphor for injunctive relief, breach of contract based on the purchase order, breach of contract based on the exclusivity agreement, conversion, tortious interference with a business relationship, unjust enrichment, and replevin. Doc. 37.

Camphor and its affiliates are users and distributors of active pharmaceutical ingredients ("API") in the United States and European pharmacopeia markets. Doc. 66 at 13, ¶ 7. One of the APIs that Camphor uses and distributes is Polymyxin B Sulfate. *Id.* ¶ 8. On June 24, 2014, Camphor signed its first Executive Agency and Supply Agreement with Luxi. *Id.* ¶ 9. There have been three Executive Agency and Supply Agreements between Camphor and Luxi. *Id.* ¶ 10.

Pursuant to the Agreements, Camphor added Luxi's production supply of Polymyxin B Sulfate to its products. *Id.* ¶ 11. From 2014 through 2019, Camphor and its affiliates purchased millions of dollars of Polymyxin B Sulfate from Luxi. *Id.* ¶ 12. On February 26, 2019, Camphor and Luxi entered into the third Exclusive Agency

---

[2] Camphor's Amended Counterclaim is included in its Answer and Affirmative Defenses. *See* Doc. 66 at 12–21. Because the Amended Counterclaim, which begins at page 12 of the Answer, numbers the paragraphs beginning again at paragraph numbered one, any paragraph number cited refers to paragraphs contained in the Amended Counterclaim.

and Supply Agreement ("the 2019 Agreement"). *Id.* ¶ 13. Under the 2019 Agreement, Luxi agreed not to sell the Polymyxin B Sulfate to anyone other than Camphor. *Id.* ¶ 14. Camphor began placing orders in March 2019 pursuant to the 2019 Agreement, but shortly thereafter Luxi refused to provide the product at the agreed price. *Id.* ¶¶ 15, 16. Luxi began selling to other purchasers at premium prices while not fulfilling Camphor's orders. *Id.* ¶ 17. Additionally, Luxi contacted Camphor's customers in an effort to secure direct sales, notwithstanding Luxi's contractual obligations to Camphor. *Id.* Camphor notified Luxi of its breach of the 2019 Agreement and demanded that Luxi cease such activities. *Id.* ¶ 18. Camphor also claims Luxi disclosed confidential information in this litigation by failing to redact the Agreements filed.[3]

Camphor sues Luxi in a four-count Amended Counterclaim asserting claims for injunction (Count I), breach of contract (Count II), tortious interference with advantageous business relationships (Count III), and misappropriation of trade secrets (Count IV). Doc. 66. Luxi moves to dismiss the amended counterclaim with prejudice. Doc. 70. Camphor filed a response in opposition. Doc. 72.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not

---

[3] Redacted versions have now been filed. *See* Doc. 59-1.

sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*.

## III.  DISCUSSION

### A. Injunction

Count I of the Amended Counterclaim seeks to sue Luxi for "injunction." Camphor alleges that Luxi has breached the 2019 Agreement by producing, marketing, attempting to sell and selling the Polymyxin B Sulfate product to other entities during the term of the 2019 Agreement. Doc. 66 ¶ 24. Camphor further alleges that Luxi breached the exclusivity provisions of the 2019 Agreement in improperly disclosing and using confidential information under the Agreement. *Id*. ¶¶ 25–28. Camphor demands preliminary and permanent injunctive relief.

In its motion to dismiss, Luxi argues this count is due to be dismissed because the Court already denied Camphor's motion for preliminary injunction for failing to demonstrate irreparable harm. Doc. 70 at 5–6.

This count fails for the fundamental reason that an injunction is not a cause of action, but a remedy. *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288–89 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012) (collecting cases). The Eleventh Circuit has made clear that "any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action. . . . There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim)." *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citation and internal quotation marks omitted); *see also Blue Water Innovations, LLC v. Fettig*, 18-60671-CIV, 2019 WL 1904589, at *2 (S.D. Fla. Mar. 8, 2019) (dismissing claim for injunctive relief with prejudice because injunctive relief is not an independent cause of action). Camphor's response states that although titled "injunction," the count is substantively a claim for breach of contract. However, the Court notes that Count II asserts a claim for breach of contract based on the same or similar facts as alleged in Count I, and thus it would be duplicative. Count I is therefore due to be dismissed with prejudice as there is no independent cause of action for "injunction."

### B. Breach of Contract

In Count II of the Amended Counterclaim, Camphor sues Luxi for breach of contract. Camphor alleges that Luxi breached the 2019 Agreement in refusing to supply the product to Camphor at the agreed price; in using Camphor's confidential

5

information to attempt to steal Camphor's customers; in producing, marketing, and attempting to sell the product to other entities during the terms of their exclusive relationship; and by disclosing confidential, proprietary information belonging to Camphor. Doc. 66 ¶ 38. As a result of the breaches of the 2019 Agreement by Luxi, Camphor has been injured. *Id.* ¶ 39.

In its Amended Motion to Dismiss, Luxi argues that Count II should be dismissed because the 2019 Agreement was ineffective. Alternatively, Luxi argues that even if the Court accepts Camphor's allegations that the 2019 Agreement was in effect, the breach of contract claim fails due to Camphor's failure to perform its obligations under the Agreement, namely, to make payment. Luxi contends that since Camphor has not alleged performance of its obligations under the contract or a valid excuse for nonperformance, Camphor's breach of contract claim fails. Doc. 70 at 6–7. Additionally, Luxi alleges that Camphor's alleged damages are conclusory. *Id.* at 7–8.

Camphor responds that it has sufficiently alleged the elements under Florida law to state a claim for breach of contract. The Court agrees. To state a cause of action for breach of contract under Florida law, a plaintiff is required to plead: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So.2d 56, 58 (Fla. 4th DCA 2008)). Here, Camphor alleges the existence and enforceability of the 2019 Agreement between it and Luxi. Doc. 66 ¶¶ 13, 14, 37. Although Luxi disputes whether the 2019 Agreement became effective, such matters are not resolved at the motion to dismiss stage where

Camphor has adequately pleaded the existence of the contract and the Court accepts the well-pleaded allegations as true. Next, Camphor has alleged that Luxi breached the 2019 Agreement, *see id.* ¶ 38, and that Camphor suffered damages as a result. *Id.* ¶ 39. Luxi argues that Camphor must also affirmatively allege its performance under the contract in order to state a cause of action. While Camphor will have to prove performance of its contractual obligations or a legal excuse for its nonperformance in order to ultimately prevail, there are only three elements required to be pleaded to state a claim for breach of contract under Florida law. *See, e.g., Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006) (explaining there are three elements for a breach of contract action and to prevail a plaintiff must prove its performance of obligations or legal excuse therefrom). Camphor has adequately alleged the three elements for a cause of action for breach of contract, and thus the motion is due to be denied as to Count II.

### C. Tortious Interference with Advantageous Business Relationship

In Count III, Camphor sues Luxi for tortious interference with advantageous business relationship. Camphor alleges that prior to this action it devoted substantial resources to developing its relationships with multiple clients. Luxi knew of the advantageous business relationships Camphor had cultivated and the market Camphor developed for the Polymyxin B Sulfate. Camphor alleges that Luxi intentionally interfered with Camphor's relationships with its clients and as a result Camphor suffered damages.

Under Florida law, to state a claim for tortious interference with a business relationship, a plaintiff must show: "(1) the existence of a business relationship . . . (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (quoting *Tamiami Trail Tours, Inc. v. Cotton*, 463 So.2d 1126, 1127 (Fla. 1985)).

Luxi moves to dismiss Count III because Camphor's allegations are conclusory and threadbare. Doc. 70 at 8–10. Luxi argues that Camphor fails to allege any specific relationship with which Luxi interfered. In its Amended Counterclaim, Camphor generally references Luxi contacting Camphor's customers; Camphor devoting resources to developing client relationships; Luxi knowing about the business relationships with Camphor's clients; and Luxi interfering with Camphor's relationships with Camphor's clients. *See* Doc. 66 ¶¶ 17, 42, 43, 44. Generally, "an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." *Ferguson Transp., Inc. v. N. Am. Van Lines, Inc.*, 687 So. 2d 821, 822 (Fla. 1996) (citing *Ethan Allen*, 647 So.2d at 815). Camphor's allegations fall short of factually pleading the existence of an actual and identifiable business relationship or that such relationship would have resulted in some type of business arrangement had Luxi not interfered. While the fact that Camphor fails to allege specific damages, *e.g.*,

8

loss of clients, loss of business, or loss of sales, may not necessarily be fatal to Camphor's claim, the omission further highlights the vagueness and conclusory nature of Camphor's allegations of interference. Nothing about Camphor's allegations puts Luxi on notice of the identity of the relationship or what business arrangement would have been consummated had Luxi not interfered. Count III is due to be dismissed.

Camphor relies on *Swope Rodante, P.A. v. Harmon*, 85 So. 3d 508 (Fla. 2d DCA 2012), to support its argument that its allegations in Count III of the Amended Counterclaim are sufficient. Review of the Florida Second District Court of Appeal's opinion reveals, however, that the facts alleged in *Swope, Rodante*, were much more detailed and specific than alleged by Camphor here. *See id.* at 509–10 (plaintiff's allegations included that defendant knowingly and intentionally made false and disparaging statements to plaintiff's client about plaintiff to induce the client to fire plaintiff and hire defendant and as a result plaintiff lost out on a legal fee because of the defendant's actions). The Court will permit Camphor one final opportunity to amend Count III if it so chooses.

### D. Misappropriation of Trade Secrets

In Count IV, Camphor sues Luxi for misappropriation of trade secrets. Camphor alleges that pursuant to the 2019 Agreement and prior exclusive agency agreements, Luxi knew that Camphor possessed valuable confidential, proprietary, and trade secret information. Because of their contractual relationship, Luxi had access to Camphor's valuable confidential, proprietary, and trade secret information. Specifically, the information includes the identities of Camphor's customers, as well

9

as market pricing of the product. Camphor took precautions to develop, maintain, and protect its confidential, proprietary, and trade secret information, including requiring Luxi to maintain the confidentiality of the information. Luxi misappropriated Camphor's valuable trade secrets and/or used the trade secrets through improper means and without consent. Camphor alleges the trade secret information has significant commercial and economic value and was the result of significant investment in its creation and maintenance. The information is not generally known or readily ascertainable by others, and thus derives independent economic value. Camphor alleges Luxi acted willfully and maliciously in misappropriating Camphor's confidential, proprietary, and trade secret information and did so to wrongfully compete against Camphor. As a result, Camphor has been damaged, including irreparable damages for which there is no adequate remedy at law. Doc. 66 ¶¶ 47–56.

In its motion to dismiss Count IV, Luxi argues Camphor fails to properly plead a statutory claim under Florida's Uniform Trade Secrets Act, Fla. Stat. §§ 688.001, *et seq*. ("FUTSA"), which displaced the common law tort of misappropriation of trade secrets. Luxi is correct that the action is appropriately brought under the FUTSA, but the failure to identify the statute in the title of the Count will not doom Camphor's claim, particularly where the Count includes a request for damages under § 688.004. *See* Doc. 66 at 20.

Luxi further argues, even analyzing the claim under the FUTSA, the claim fails because Camphor has not asserted sufficient facts to show that customer identities, standing alone, are confidential. Additionally, Luxi contends that Camphor has not

10

shown that "market pricing" is confidential, arguing that information generally known does not warrant trade secret protection. Next, Luxi argues that Camphor fails to allege facts supporting that Camphor has taken steps to protect the alleged confidentiality of the identities of its customers or the market pricing, that Luxi misappropriated the identities of customers or market pricing, or that the customer identities and market pricing have independent economic value.

In order to plead a claim successfully under the FUTSA, "a plaintiff must aver that: (1) the plaintiff possessed secret information and took reasonable steps to protect its secrecy and (2) the secret it possessed was misappropriated, either by one who knew or had reason to know that the secret was improperly obtained or by one who used improper means to obtain it." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1291 (S.D. Fla. 2001) (citing Fla. Stat. § 688.002). "To qualify as a trade secret, the information that the plaintiff seeks to protect must derive economic value from not being readily ascertainable by others and must be the subject of reasonable efforts to protect its secrecy. *Id.* (citing *American Red Cross v. Palm Beach Blood Bank, Inc.*, 143 F.3d 1407, 1410 (11th Cir.1998) (applying Florida law)).

Regarding Camphor's position that its clients' identities are a trade secret, Florida law provides that "[a] customer list can constitute a 'trade secret' where the list is acquired or compiled through the industry of the owner of the list and is not just a compilation of information commonly available to the public." *Bridge Fin., Inc. v. J. Fischer & Assocs., Inc.*, 310 So. 3d 45, 48 (Fla. 4th DCA 2020) (citing *E. Colonial Refuse Serv., Inc. v. Velocci*, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982)). Camphor alleges that

11

the information derives independent economic value, was a result of significant investment in its creation, is not generally known, and that Camphor took steps to keep the information confidential. Accepting these allegations as true, as the Court must do on a motion to dismiss, the allegations sufficiently allege Camphor possessed secret information and took reasonable steps to protect its secrecy. Indeed, the parties' Exclusive Agency and Supply Agreement contains a confidentiality provision that protects from disclosure information regarding customers and business data, among other information. *See, e.g.*, Doc. 59-1 at 7.

On the second factor regarding misappropriation, Camphor alleges that Luxi misappropriated the valuable trade secrets by knowingly retaining and using the information to compete against Camphor. Additionally, Camphor alleges that Luxi used the confidential information to contact Camphor's customers in an effort to secure direct sales. Under the FUTSA, "misappropriation" includes "[d]isclosure or use of a trade secret of another without express or implied consent by a person who . . . [a]t the time of disclosure or use, knew or had reason to know that her or his knowledge of the trade secret was . . . [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use." Fla. Stat. § 688.002(a)(b)(2)(b). Under the parties' agreement, the customer information, and arguably the pricing information, were to be kept confidential, and yet, Camphor alleges that Luxi used such information improperly to compete against Camphor. On these facts, Camphor has adequately alleged a misappropriation in violation of the FUTSA. The motion to dismiss directed to Count IV is due to be denied.

Accordingly, Luxi's motion to dismiss the Amended Counterclaim will be granted-in-part and denied-in-part as set forth herein. It is hereby

**ORDERED**:

1. Plaintiff/Counterclaim Defendant Luxi's Amended Motion to Dismiss Amended Counterclaims (Doc. 70) is **GRANTED-in-part** and **DENIED-in-part**.

2. Count I of the Amended Counterclaim is dismissed with prejudice. Count III of the Amended Counterclaim is dismissed without prejudice.

3. If Camphor so chooses, Camphor may file a Second Amended Counterclaim which corrects the deficiencies addressed in this Order. The Second Amended Counterclaim shall be filed within **FOURTEEN (14) days**.[4] Luxi's response to the Second Amended Counterclaim shall be filed and served in accordance with the Federal Rules of Civil Procedure.

4. If no Second Amended Counterclaim is filed by Camphor within the time permitted, Luxi shall file its Answer to Counts II and IV of the Amended Counterclaim on or before **April 4, 2023**.

**DONE AND ORDERED** in Tampa, Florida on March 14, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[4] If a Second Amended Counterclaim is filed, Camphor shall re-number the counts, omitting the Count dismissed with prejudice.